IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SPRINT COMMUNICATIONS COMPANY L.P,

    Plaintiff;

v.

CEQUEL COMMUNICATIONS, LLC d/b/a SUDDENLINK COMMUNICATIONS and CSC HOLDINGS, LLC d/b/a OPTIMUM-CABLEVISION,

    Defendants.

Civil Action No. 18-1919-RGA

MEMORANDUM OPINION

Stephen J. Kraftschik, Christina B. Vavala, POLSINELLI PC, Wilmington, DE; B. Trent Webb, Aaron Hankel, Ryan Schetzelbaum, Jordan T. Bergsten, Mark Schafer, Samuel J. LaRoque, SHOOK, HARDY & BACON LLP, Kansas City, MO; Robert H. Reckers, SHOOK, HARDY & BACON, Houston, TX,
Attorneys for Plaintiff.

Frederick L. Cottrell, III, Jason J. Rawley, Alexandra M. Ewing, RICHARDS, LAYTON & FINGER PA, Wilmington, DE; Brian C. Swanson, Tulsi E. Gaonkar, Luke C. Beasley, BARTLIT BECK LLP, Chicago, IL; Lindley J. Brenza, Sean C. Grimsley, BARTLIT BECK LLP, Denver, CO,
Attorneys for Defendants.

May 6, 2021

/s/ Richard G. Andrews
**ANDREWS, U.S. DISTRICT JUDGE:**

Before the Court is Defendants' Motion for [Attorneys'] Fees under 35 U.S.C. § 285 as an Exceptional Case. (D.I. 143). I have considered the parties' briefing. (D.I. 144, 154, 158).

## I.  BACKGROUND

Plaintiff Sprint filed suit against Defendants Cequel and CSC Holdings, alleging infringement of various claims of two patents. The patents-at-issue were U.S. Patent Nos. 6,754,907 ("the '4,907 Patent") and 6,757,907 ("the '7,907 Patent"). The patents are directed to systems and methods for providing enhanced video-on-demand services.

In an earlier suit between Plaintiff and Comcast Cable Communications, Plaintiff brought counterclaims alleging infringement of the '4,907 Patent and the '7,907 Patent. *Comcast Cable Commc'ns, LLC v. Sprint Commc'ns Co., LP*, 203 F. Supp. 3d 499, 507 (E.D. Pa. 2016). The district court construed several terms of the patents and determined that the patents disclaimed use of a television set-top box in remote control of the video-on-demand system. *Comcast Cable Commc'ns, LLC v. Sprint Commc'ns Co., LP*, 38 F. Supp. 3d 589, 610-12 (E.D. Pa. 2014). The court granted summary judgment of no infringement of the '4,907 and '7,907 Patents as Comcast's system used a television set-top box in remote control of the video-on-demand system. *Comcast Cable Commc'ns*, 203 F. Supp. 3d at 552. The suit settled while on appeal.

Plaintiff later filed this suit. At claim construction, the parties disputed whether collateral estoppel applied to the disputed terms that the *Comcast* court had previously construed. (D.I. 96 at 13, 18). After determining that collateral estoppel applied, I followed the claim construction of the *Comcast* court for the disputed terms. (D.I. 108 at 13-14). On November 10, 2020, the parties stipulated to an entry of final judgment of non-infringement. (D.I. 140). Defendants then filed the instant motion. (D.I. 143).

## II. LEGAL STANDARD

Under the Patent Act, "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. There are two requirements under the statute: (1) that the case is "exceptional" and (2) that the party seeking fees is a "prevailing party." *See Finnavations LLC v. Payoneer, Inc.*, 2019 WL 1236358, at *1 (D. Del. Mar. 18, 2019). An "'exceptional case' is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* The Supreme Court has provided a non-exclusive list of factors for district courts to consider in deciding whether a case is exceptional, including frivolousness, deterrence, motivation, and objective unreasonableness (in both the factual and legal components of the suit). *Id.* at 554 n.6.

## III. ANALYSIS

It is undisputed that Defendants are the prevailing parties as final judgment of non-infringement was entered in Defendants' favor. (D.I. 140 at 3). The only issue is whether this case is "exceptional."

Defendants argue that they are entitled to attorneys' fees in this case because of Plaintiff's "pursuit of objectively meritless patent claims" and its "unreasonable conduct during the litigation." (D.I. 144 at 1). Defendants argue that Plaintiff should have anticipated that collateral estoppel would apply to the *Comcast* case's claim construction. Defendants maintain that, even if collateral estoppel did not apply, Plaintiff had no reasonable expectation of a

materially different outcome regarding the patents' disavowal of set-top boxes for remote control. (*Id.* at 8-9). And, Defendants contend, the claim constructions from *Comcast* make it clear that Defendants' accused products do not infringe the asserted patents. (*Id.*).

Defendants also assert that Plaintiff acted unreasonably as it did not consider earlier information that showed that Defendants' accused products used a set-top box nor did it test Defendants' accused "Apps." (*Id.* at 11-12). Defendants argue that Plaintiff had information as of October 2019 that made it clear that the accused products require use of a set-top box; thus, non-infringement of Defendants' products was obvious based on the findings in the *Comcast* case. (*Id.* at 11). Defendants further contend that awarding fees in this case would deter this behavior in the future and "would serve as a lesson to other litigants not to wear blinders in pursuit of meritless and costly legal claims." (*Id.* at 15).

Plaintiff argues that its case was not exceptionally weak on the merits as its claim construction positions were well-supported by the intrinsic evidence and its path to establishing infringement was straightforward if its claim constructions had been adopted. (D.I. 154 at 1). Plaintiff asserts that whether collateral estoppel applies in this situation is not settled law and that it asserted good faith arguments that collateral estoppel should not apply. (*Id.* at 8). Plaintiff also contends that Defendants did not disclose the necessary information regarding how their systems operated until September 2020, after which Plaintiff agreed to stipulate to non-infringement. (*Id.* at 11). Plaintiff asserts that once it had the claim construction and the additional technical information, it promptly stipulated to non-infringement. (*Id.* at 16).

Plaintiff further argues that its litigation conduct was reasonable, as Defendants do not describe any bad faith behavior or misconduct committed by Plaintiff during litigation. (*Id.* at 13). Plaintiff also asserts that awarding fees in this case would not serve the purpose of

deterrence as Plaintiff advanced reasonable positions during litigation and efficiently worked to resolve the suit after receiving an adverse ruling. (*Id.* at 17).

I agree with Plaintiff. Plaintiff's suit was not frivolous nor was its position on the merits objectively unreasonable. While it had previously litigated claim construction of certain terms of the patents-at-issue, there was no guarantee that those claims constructions would be adopted in this suit.

There is no controlling Federal Circuit authority on whether collateral estoppel applies when the previous suit was settled on appeal. (*See* D.I. 108 at 10 ("The parties agree that there is no controlling case from the Federal Circuit on the issue of finality of a judgment when the case is settled on appeal.")). Further, Plaintiff argued that collateral estoppel did not apply based on this Court's authority. (D.I. 154 at 8 (citing D.I. 96 at 23 n. 8)). In denying a motion for vacatur in a previous case, I stated, "I tend to think a case that has settled on appeal does not have any collateral estoppel effect on a party." *Callwave Comm'ns LLC v. AT&T Mobility LLC*, 12-1788-RGA, D.I. 326 at 3 (Oct. 10, 2017). In the instant case, I considered the issue more thoroughly,[1] after meaningful briefing, and I reached a different conclusion. I conclude nevertheless that Plaintiff's argument for the opposite position was not frivolous or objectively unreasonable as there is no Federal Circuit precedent on which Plaintiff should have relied, and such prior authority as there was from me suggested that I was at least open to the idea that collateral estoppel might not apply.

Defendants also contend that on the merits of Plaintiff's claim construction arguments it had no reasonable expectation of a materially different outcome regarding the patents' disavowal

---

[1] My order in *Callwave* had a footnote commenting on the lack of briefing, which is why I said, "I tend to think…." I cited nothing in support of my view.

of set-top boxes for remote control. (*Id.* at 8-9). During claim construction in this case, I found that collateral estoppel applied, and I therefore did not revisit the merits of the *Comcast* court's claim construction. The Federal Circuit has "emphasized the wide latitude district courts have to *refuse* to add to the burdens of litigation by opening up issues that have not been litigated but are asserted as bases for a fee award." *Thermolife Int'l LLC v. GNC Corp.*, 922 F.3d 1347, 1357 (Fed. Cir. 2019) (citing *Spineology, Inc. v. Wright Med. Tech., Inc.*, 910 F.3d 1227, 1230 (Fed. Cir. 2018)). As the merits of Plaintiff's claim construction arguments were not "meaningfully considered" during claim construction in this case, *id.*, and the briefing now is at best cursory, I will not open up that issue in considering Defendants' motion for fees.

Once I determined collateral estoppel applied in this case, Plaintiff made efforts to resolve the case efficiently. Plaintiff's behavior aligns with the actions of a party who has a good faith belief in the merits of its case and is seeking prompt resolution. *See Parallel Networks, LLC v. Blizzard Entertainment, Inc.*, 2018 WL 2744975, at *4 (D. Del. June 7, 2018).

On June 16, 2020, I entered a claim construction order adopting the *Comcast* court's construction of three of the disputed terms. (D.I. 113). For these terms, the adopted claim construction disclaimed use of a set-top box for remote control of the video-on-demand system. (*Id.*). On August 13, 2020, the parties stipulated to a single early motion for summary judgment of non-infringement. (D.I. 131). The stipulation provided that, after "the Court issued a Claim Construction Order precluding Sprint from deviating from the claim constructions found in Comcast and finding certain terms subject to a disclaimer," the parties "met and conferred regarding the impact of the Court's disclaimer-based constructions," and agreed that a single early summary judgment motion would facilitate the efficient resolution of the suit. (*Id.* at 3).

Under the terms of the stipulation, Defendants were to provide Plaintiff with detailed supplemental responses to Sprint's Common Interrogatories Nos. 1 and 2. (*Id.*).

On September 14, 2020, Defendants served their supplemental set of objections and responses to Plaintiff's First Set of Common Interrogatories on Plaintiff's counsel. (D.I. 133). On November 10, 2020, the parties jointly stipulated to an entry of final judgment of non-infringement. (D.I. 139). As part of the stipulation, the parties agreed, "In light of the information provided during this case, the additional information provided in Cequel's supplemental interrogatory responses and when applying the Court's claim constructions and holdings regarding collateral estoppel, the Parties stipulate and agree that the Accused Products and Services have not infringed and do not infringe the Asserted Claims." (*Id.* at 3).

After the entry of the Claim Construction Order on June 16, 2020, Plaintiff's actions and positions were neither frivolous nor objectively unreasonable. Instead, Plaintiff's actions demonstrate its efforts to resolve the case responsibly and efficiently. The parties stipulated to a single early summary judgment motion on August 13, 2020, Plaintiff received Defendants' supplemental interrogatory responses on September 14, 2020, and the parties stipulated to a final judgment of non-infringement on November 10, 2020. As discussed above, Plaintiff reasonably could have expected the claims to be construed differently, but when the claims were not and collateral estoppel was applied, Plaintiff took action to resolve the case efficiently.

I do not find Plaintiff's actions after the entry of the claim construction opinion to be "consistent with that of a party motivated to drag out litigation." *Parallel Networks*, 2018 WL 2744975, at *4. Instead, once Plaintiff had the relevant claim constructions in hand and received supplemental details regarding Defendants' technology, it acted promptly and efficiently to

resolve the action. For this reason, there are no frivolous or objectively unreasonable actions that make this case an "exceptional" one under 35 U.S.C. § 285.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for attorneys' fees under 35 U.S.C. § 285 as an exceptional case is denied. A separate order will be entered.